UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN STANTON and ROBIN STANTON,

      Plaintiffs,

vs.                                         Civil Action  No.:
                                          Hon.

LEONARD WOODSIDE, individually and
in his official capacity as Superintendent
for Anchor Bay School District,

      Defendant.
_____

JONATHAN R. MARKO (P74250)
STEPHEN M. LOVELL  (P80921)
ERNST & MARKO LAW, PLC
*Attorneys for Plaintiffs*
645 Griswold Street, Suite 4100
Detroit, MI 48226
(313) 965-5555 /f (313) 965-5556
stephen@ernstmarkolaw.com

_____

## COMPLAINT

      NOW COMES Plaintiffs, JACK STANTON and ROBIN STANTON, by and through their attorneys, ERNST & MARKO LAW, PLC, and for their Complaint, state as follows:

## Jurisdiction and Parties

1. This is an action for money damages brought under the statutes and common law of the State of Michigan and an action by Plaintiffs to enforce their civil rights protected by the Constitution of the United States.

2. Plaintiffs John Stanton (who is known as, and will hereafter be referred to as, "Jack Stanton") and Robin Stanton reside in the County of Macomb, State of Michigan and were employed by Anchor Bay School District subject to employment contracts.

4. Defendant Leonard Woodside is Superintendent for Anchor Bay School District ("Anchor Bay"). He is sued in his individual and official capacity.

5. The claims brought herein are cognizable under the United States Constitution and 42 U.S.C. §1983. Accordingly, jurisdiction is conferred by 28 USC § 1331 as this matter involves a federal question.

## Common Factual Allegations

6. Plaintiffs Jack Stanton and Robin Stanton were employed by Defendant Anchor Bay School District under the terms of an employment contract as principals of Anchor Bay High School and Anchor Bay Middle School respectfully.

7. Prior to the 2016-2017 school year, Plaintiffs were rated as either

"highly effective" or "effective" at their annual performance reviews and were exemplary employees.

8.  During the 2016-2017 school year, Plaintiff Robin Stanton was stripped of certain duties specifically outlined under her employment contract, including making staff assignments within the middle school.

9.  During the 2016-2017 school year, Plaintiff Jack Stanton received several write-ups that were placed in his employment file for innocuous actions such as having the audacity to "use humor" and refusing to change a student's grade when a mother of the student complained.

10. On or about May 26, 2017, Pat Mikolowski, a security guard at Anchor Bay High School, received a new job in the Anchor Bay School District and was going to leave Anchor Bay High School after having worked with Mr. Stanton for the previous two years.

11. Throughout their employment with Anchor Bay, Mrs. Mikolowski and Mr. Stanton had a running joke inside the school after Mrs. Mikolowski had confiscated a wooden penis from a student and had given it to Mr. Stanton.

12. At the end of Mrs. Mikolowski's employment at Anchor Bay High School, Mr. Stanton returned the wooden penis to her as a parting gift and they shared a final laugh together.

13. Upon information and belief, on or about June 5, 2017, Sherry

Kenward, Director of Student Services for Anchor Bay High School, told Joe McDonald that Mrs. Mikolowski had complained about the gift she had received, that she was embarrassed, her and her husband were upset, and that she had cried all weekend after receiving the gift. Ms. Kenward told Mr. McDonald that Mr. Stanton's treatment was the reason for Mrs. Mikolowski leaving Anchor Bay High School and that Mrs. Mikolowski was fearful of retaliation by Mrs. Stanton who was a "bitch."

14. On or about June 16, 2017, Mr. Stanton was presented with his annual evaluation for the 2016-2017 school year, in which he was rated as "ineffective," the lowest of the possible four ratings given by Anchor Bay, which included the unsubstantiated allegations by Ms. Kenward.

15. Later in June of 2017, Mr. Stanton was summoned into a meeting with Joe McDonald, Assistant Superintendent Kyle Anderson, Assistant Principal Vic Balaj, and Defendant Leonard Woodside.

16. During the June 2017 meeting, Defendant Woodside told Mr. Stanton that Mrs. Mikolowski had complained of sexual harassment because of his gift and that there was an investigation underway. Mr. Stanton was told that the gift had caused Mrs. Mikolowski to cry all weekend and the Mr. Mikolowski was upset as well.

17. Defendant Woodside threatened Mr. Stanton that if he did not resign

in the next twenty-four (24) hours, he would file charges and that the investigation and performance evaluation would be made public record.

18.     Within 24 hours of the aforementioned threat by Defendant Woodside, Mr. Stanton informed Mr. Woodside of his intention to resign and asked if his evaluation could be redone in exchange for his resignation.  The following Monday, Defendant Woodside informed Mr. Stanton that his evaluation was incomplete because he did not file a rebuttal and that his rating would revert back to "effective" based on his 2015-2016 evaluation if Mr. Stanton formally resigned.  Mr. Stanton then tendered his official resignation as Principal of Anchor Bay High School.

19.     On or about July 11, 2017, Mr. Stanton received a phone call from Mrs. Mikolowski, who, while weeping, informed Mr. Stanton that she never made a complaint against him and had no issues with the gift she had been given and she was sorry that he had to resign. Mrs. Mikolowski and her husband had laughed about the gift and celebrated Mrs. Mikolowski's birthday the weekend after she received it and that it was never an issue.

20.     Mrs. Mikolowski further stated that Ms. Kenward had somehow found out about the gift and had called Mrs. Mikolowski into a meeting on May 30, 2017,  where she was told to immediately leave work and retrieve the gift from her home to give to Ms. Kenward.  Mrs. Mikolowski complied and met with Ms.

Kenward behind the school to turn in the gift, whereafter she was sent to the office for another interrogation. At that time, Mrs. Mikolowski started crying and told Paulette Woodside, Defendant Woodside's wife, that she was not going to cooperate because Mr. Stanton had done nothing wrong and she would not be the scapegoat for Anchor Bay officials to get rid of Mr. Stanton.

21. Even after Mrs. Mikolowski informed both Defendant Kenward and Paulette Woodside that she was not offended by Mr. Stanton's actions and did not want to pursue any sexual harassment claims against him, Mr. Stanton was continuously investigated and eventually had the investigation leveraged against him in order to secure his resignation even though Defendant Woodside knew that Ms. Kenward's reports were false.

22. After being forced to resign, Mr. Stanton was able to secure a position as principal of Churchill High School in the Livonia School District in August of 2017.

23. Upon information and belief, shortly after securing the principal position at Churchill High School, the Livonia School District received a phone call from Ms. Kenward or Mr. Woodside, informing them that Mr. Stanton was the subject of a complaint of sexual harassment while principal at Anchor Bay High School.

24. On or about August 7, 2017, after working for the Livonia School

District for three days, Mr. Stanton was pulled into a meeting and informed that, based on the phone above-described phone call, Mr. Stanton would need to tender his resignation.  Mr. Stanton informed the Livonia School District that he was willing to resign.

25. Immediately following the August 7, 2017 meeting with the Livonia School District, Mr. Stanton attempted suicide and was hospitalized for nine (9) days, after which he was informed that his contract would be taken to the Livonia School Board for termination.  Instead, Mr. Stanton formally tendered his resignation.

26. Upon information and belief, since Mr. Stanton's forced resignation from Anchor Bay School District, several people in the school district, including the current Ashley Elementary School Principal and the Anchor Bay High School Assistant Principal Dave Boeskool, are informing parents and others that he was investigated and fired for sexual harassment allegations and that Defendant Woodside directed board members for Anchor Bay School District to tell anyone who inquires that Mr. Stanton left because of "sexual harassment."

27. The charge of sexual harassment and other comments herein made against Mr. Stanton placed a stigma on his reputation.

28. The charge of sexual harassment against Mr. Stanton was made public by Defendant and disseminated to the Livonia School District.  It is likely that

other prospective employers will be made aware of the stigmatizing allegations as well.

29. The charge of sexual harassment against Mr. Stanton is false.

30. Mr. Stanton was never afforded the procedural protection of a name-clearing hearing by Mr. Woodside before having false and damaging allegations spread publically about him.

31. Following Mr. Stanton's resignation, Mrs. Stanton was sent her 2016-2017 annual evaluation where she was rated as "minimally effective." Included in the notes for her evaluation were comments regarding her relationship with Ms. Kenward, who had fabricated the allegations against Mr. Stanton as well as informed Anchor Bay School District officials that Mrs. Mikolowski claimed Mrs. Stanton bullies the staff, retaliates against staff who complain about her, and is a "bitch." These allegations were false and were never verified, yet Mrs. Stanton was given a terrible review, of which she never got to write a rebuttal or was able to discuss with any officials from Anchor Bay School District.

32. The charges of misconduct against Mrs. Stanton placed a stigma on her reputation.

33. The charges of misconduct against Mrs. Stanton are likely so see the stigmatizing allegations.

34. The charges of misconduct against Mrs. Stanton are false.

35. Mrs. Stanton was never afforded the procedural protection of a name-clearing hearing by Defendant Woodside before having false and damaging allegations placed in her employee file.

36. Mrs. Stanton has been unable to return to work as Principal of Anchor Bay Middle School due to the false allegations published about her and her husband as well as the continued breach of her contract in having job duties stripped of her and being unable to address her annual review.

37. As a direct and proximate result of Defendant's wrongful conduct and actions, Plaintiffs suffered and continue to suffer the following injuries and damages including, but not limited to:

    a. Loss of employment;
    b. loss of contract benefits or expectancy;
    c. loss of goodwill;
    d. harm to reputation;
    e. loss of esteem and standing in the community;
    f. pain and suffering;
    g. mental anguish;
    h. emotional distress;
    i. severe anxiety;
    j. fear and humiliation;
    k. medical treatment;
    l. stigmatization of their reputations;
    m. treble damages;
    n. punitive damages;
    o. reasonable attorney fees and costs;
    P. other damages to be revealed during the course of discovery and litigation.

## COUNT I
## CONSTITUTIONAL VIOLATIONS

38. Plaintiffs hereby restates and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

39. The actions and/or omissions of Defendant as described above constitute a depravation of a liberty interest without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

40. The Civil Rights Act, 42 USC § 1983, provides for civil liability for the deprivation of any right, privilege or immunity secured by the Constitution of the United States when said deprivation is committed under the color of law and in accordance with governmental custom and policy.

41. The rights at issue were clearly established at the time of the Constitutional violations, and any reasonable officer of the state should have been aware of Plaintiffs' rights and should have recognized their actions violated said rights.

### Relief Requested

WHEREFORE, for the foregoing reasons, Plaintiff seeks judgment for damages in their favor in whatever amount a jury deems fair and reasonable, together with their interest, costs, and attorney fees.

                    Respectfully submitted,

                    */s/ Stephen M. Lovell*
                    Stephen M. Lovell (P80921)
                    Counsel for Plaintiff
                    MARKO LAW, PLC
                    645 Griswold Street, Suite 4100
                    Detroit, Michigan 48226
                    (313) 965-5555
                    Stephen@ernstmarkolaw.com

January 14, 2019

## JURY DEMAND

NOW COMES Plaintiffs, by and through their attorneys, ERNST & MARKO LAW, PLC and hereby requests a trial by jury.

            Respectfully submitted,

            */s/ Stephen M. Lovell*
            Stephen M. Lovell (P80921)
            Counsel for Plaintiff
            MARKO LAW, PLC
            645 Griswold Street, Suite 4100
            Detroit, Michigan 48226
            (313) 965-5555
            Stephen@ernstmarkolaw.com

January 14, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2019, I presented the foregoing paper to this Court's ECF System and by hand-delivery to Defendant Woodside.

          */s/ Stephen M. Lovell*
           Stephen M. Lovell